Opinion issued December 17, 2009












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00827-CR




RAYMOND DOMINIC BRACKENS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1085228




CONCURRING OPINION
          I join the majority’s opinion except to the extent the majority holds that Legg’s
opening, at the direction of police, files he had previously uncovered in the “My
Shared Documents” folder on appellant’s computer was “per se unreasonable under
the Fourth Amendment and under article I, section 9 of the Texas Constitution” and
therefore constitutional error. See Slip Op. at 12. I agree with the majority that Legg 
was not acting as a state actor and did not violate appellant’s expectation of privacy
under the Fourth Amendment when he initially opened the “My Shared Documents”
folder in the course of performing appellant’s requested computer data transfer,
discovered a number of files with labels indicating they contained child pornography,
and opened one of them.


 I also agree that he was acting under the direction of the
police when he opened the additional pornographic files he had originally discovered
in plain view in his initial search of the “My Shared Documents” folder. I further
agree that a “subsequent police search must be ‘limited in scope to the private party’s
search.’” Slip Op. at 12. I disagree, however, with the majority’s conclusion that
Legg’s search at the direction of police of files with pornographic titles in the “My
Shared Documents” folder that were in plain view after Legg initially opened the
folder exceeded the scope of the initial private search and violated appellant’s
constitutional right to privacy.
          Legg opened the file labeled “14-year old” to confirm that it contained child
pornography because the file was “linked to a program that is very well known for
downloading pornographic material.” He discovered the image of an adult male in
sexual congress with an underage female. Legg immediately closed the image and
alerted his supervisor, Israel Bautista. Bautista contacted his supervisor, who
instructed Bautista to contact the Houston Police Department (“HPD”). Bautista
called the police and quarantined the computer in the store’s cash office. An HPD
police officer came to Circuit City within twenty minutes of Bautista’s call. After
arriving on the scene, the officer requested that Legg retrieve the computer and open
the file containing the child pornography that he had previously opened. After the
police officer viewed the original image, he asked Legg to open additional files in the
same folder with the titles (1) “16Y slut, reelkiddy, one word, prn kiddy.mgpe”; (2)
“Izzy2.mp”; (3) “kiddy-baby.mpeg”; (4) “Kiddy Vanessa 12 years, 36.mpeg”;
(5) “Pedo 10-YO pussy.mpg”; (6) “Pedo-Vicky-doudu.mpeg”; (7) “Pedo
Mff_suck.mpg”; and (8) “vicky string bikini, p thc., 11 year-old mpg.” Legg then left
the room and Bautista and the officer viewed eight of the nine additional images. The
police officer seized the computer and placed it in the HPD property room. 
          HPD officer John Barnes was assigned the investigation on July 30, 2006. He
made out an affidavit to the magistrate judge as follows: 
On July 26, 2006, defendant brought his computer to Circuit City. This
was a laptop computer described as a Compaq Computer Model No:
V203US; Serial No: CNF4461126. Circuity [sic] City has the computer. 
Defendant, Raymond Brackens, brought the computer in for Circuity
[sic] City to be fixed. Circuit City found numerous videos labeled
“PEDO.” The technician, Mark Leg [sic], stated that what he saw was
at least 10 videos of female children ages ranging from 9-11 years old
performing oral and vaginal sex with adult males. The file names where
the pornographic images were observed were under the defendant’s
name. The technician immediately called HPD to come view the
computer. A patrol officer came to Circuit City and viewed the
pornographic images. After viewing the images, the patrol officer took
custody of the computer and put the computer in the HPD property
room. The computer is currently in [the] custody of HPD. 

The magistrate judge issued the search warrant on August 1, 2006. After receiving
the search warrant, Barnes took the computer from the HPD property room and
transferred the computer to the HPD digital forensic lab. Barnes testified that thirteen
illegal pornographic files were discovered.
          Both the United States and Texas Constitutions protect an individual’s
legitimate expectation of privacy in the individual’s home and personal effects from
unreasonable government intrusion. U.S. Const. amend. IV; Tex. Const. art. I, § 9;
see also Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996) (citing
Richardson v. State, 865 S.W.2d 944, 948 (Tex. Crim. App. 1993)). Both the United
States and Texas Constitutions protect the same rights against unreasonable
government intrusion to the same degree. Hulit v. State, 982 S.W.2d 431, 436 (Tex.
Crim. App. 1998); Johnson v. State, 912 S.W.2d 227, 232 (Tex. Crim. App. 1995);
Garza v. State, 137 S.W.3d 878, 884 (Tex. App.—Houston [1st Dist.] 2004, pet.
ref’d). 
          Neither the Fourth Amendment nor the Texas Constitution, however, requires
the exclusion of evidence obtained by a private party’s search. Cobb v. State, 85
S.W.3d 258, 270–71 (Tex. Crim. App. 2002). Only the activity of government agents
implicates a person’s Fourth Amendment rights. United States v. Paige, 136 F.3d
1012, 1017 (5th Cir. 1998); United States v. Barth, 26 F. Supp. 2d 929, 935 (W.D.
Tex. 1998). Thus, when a private party conducts a warrantless search, the
constitutional guarantee against unreasonable government intrusion is not implicated
unless the private party acts as an agent of government agents. Burdeau v. McDowell,
256 U.S. 465, 475, 41 S. Ct. 574, 576 (1921); Cobb, 85 S.W.3d at 270–71; Hall v.
State, 643 S.W.2d 738, 740 (Tex. Crim. App. 1983). 
          However, even if a private party does act as a governmental agent, a defendant
has standing to complain that evidence was obtained by unreasonable governmental
intrusion in violation of the Fourth amendment and the Texas Constitution and is
therefore inadmissible only if he has a legitimate expectation of privacy in the place
invaded. Paige, 136 F.3d at 1017; Barth, 26 F. Supp. 2d at 936; Villareal, 935
S.W.2d at 138; Rogers v. State, 113 S.W.3d 452, 457 (Tex. App.—San Antonio 2003,
no pet.). “If the inspection by the police does not intrude upon a legitimate
expectation of privacy, there is no ‘search’ subject to the [Fourth Amendment].” 
Illinois v. Andreas, 463 U.S. 765, 771, 103 S. Ct. 3319, 3324 (1983).
          The protection afforded closed personal computer files and hard drives has
been likened to the protection afforded by the Fourth Amendment to a person’s closed
containers and closed personal effects. See Barth, 26 F. Supp. 2d at 936–37; Zaratti
v. State, No. 01-04-01019-CR, 2006 WL 2506899, at *8 (Tex. App.—Houston [1st
Dist.] Aug. 31, 2006, pet. ref’d) (mem. op., not designated for publication). “[T]he
Fourth Amendment provides protection to the owner of every container that conceals
its contents from plain view.” United States v. Ross, 456 U.S. 798, 822–23, 102 S.
Ct. 2157, 2172 (1982); Lown v. State, 172 S.W.3d 753, 759 n.5 (Tex. App.—Houston
[14th Dist.] 2005, no. pet.). Thus, by placing data files in a storage device, such as
a hard drive, a person manifests a reasonable expectation of privacy in the contents
of those files. Barth, 26 F. Supp. 2d at 936–37; Lown, 172 S.W.3d at 759–60. 
However, “the protection afforded by the Amendment varies in different settings.” 
Ross, 456 U.S. at 823, 102 S. Ct. at 2172. An expectation of privacy in the contents
of a container may not survive if government agents have probable cause to believe
that the container contains contraband. See id. at 823, 102 S. Ct. at 2172 (expectation
of privacy in automobile). In such a case, the scope of a warrantless search “is no
narrower and no broader than the scope of search authorized by a warrant supported
by probable cause.” Id. Only the magistrate’s prior approval is waived; otherwise,
the search is “as the magistrate could authorize.” Id. In Andreas, the United States
Supreme Court held that once a container has been lawfully opened and found to a
certainty to contain contraband—the container being, in that case, a sealed shipping
container found to contain illicit drugs—the contraband becomes like objects
physically within plain view of the police and the claim to privacy in the contents of
the container is lost. Andreas, 463 U.S. at 771–72, 103 S. Ct. at 3324. The
subsequent reopening of a container that has been lawfully opened and found to
contain contraband is thus not a “search” within the meaning of the Fourteenth
Amendment absent a substantial likelihood that the contents of the container have
been changed. Id. at 772–73, 103 S. Ct. at 3325. 
          The question here, therefore, is whether appellant had a reasonable expectation
of privacy against a governmental search of the contents of the folder labeled “My
Shared Documents” once Legg had lawfully opened the folder during the course of
the data migration requested by appellant and discovered a number of files with
names indicative of child pornography. I would hold that he did not.The opening of the folder resulted in Legg’s discovery of illegal pornography
in plain view in the form of numerous video files labeled “PEDO,” including the file
labeled “14 year-old girl,” which he opened. See Andreas, 463 U.S. at 771–72, 103
S. Ct. at 3324. No additional files were opened, and the police were alerted without
delay. See id, 103 S. Ct. at 3324. There is no indication that the contents of the folder
were changed between the time Legg discovered the contraband and the time the
police were called and directed his inspection of the contents of other files with similar
names, and the evidence is to the contrary. See id. at 772–73, 103 S. Ct. at 3325.
When Legg reopened the folder labeled “My Shared Folder” at the direction of police,
the video files in the folder with names indicating they contained pornographic
material were again in plain view. See id. 
          I would hold that once the police had Legg open the folder labeled “My Shared
Documents” and the “14-year-old” file and saw the additional files with titles
indicative of pornography in plain view in the opened folder, they had probable cause
to believe the folder labeled “My Shared Folder” contained pornographic material and
that they did not exceed the scope of the original lawful search by directing Legg to
open the six additional files in the folder opened without a search warrant. Thus, I
would hold that the police-directed warrantless search of the computer files in the
folder labeled “My Shared Folder” was not a search of files in which appellant had a
legitimate expectation of privacy and was not an illegal “search” under the Fourth
Amendment or its Texas counterpart. See Andreas, 463 U.S. at 771, 103 S. Ct. at 3324
(once container has been opened and found to a certainty to contain contraband,
contraband becomes like objects in plain view of police and claim to privacy is lost);
Ross, 456 U.S. at 823, 102 S. Ct. at 2172 (expectation of privacy is lost if government
agents have probable cause to believe container contains contraband).


 Because
appellant had no legitimate expectation of privacy in the contents of the folder at the
time police directed a warrantless search of the six additional files, I would hold that
the pornographic files inspected by police in their warrantless search of appellant’s
computer were not subject to exclusion under the Fourth Amendment of the United
States Constitution or article I, section 9 of the Texas Constitution. Therefore, the trial
court did not err in admitting them.
          Like the majority, I would affirm the judgment of the trial court. 
 
 
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Jennings, Keyes, and Higley.
Publish. Tex. R. App. P. 47.2(b).